# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Charles Brown,** | ) | **CASE NO. 1:21 CV 1645** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Judge Christopher R. Rothgery,** | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Charles Brown brings this action under 42 U.S.C. § 1983 against Judge Christopher R. Rothgery. (Doc. No. 1). Plaintiff alleges that Judge Rothgery violated his constitutional rights to due process and equal protection in his criminal case in the Lorain County Court of Common Pleas.

## BACKGROUND

Plaintiff's complaint contains very few facts and consists almost entirely of legal conclusions. Plaintiff claims that Judge Rothgery "conspire[d] ... by setting up a kangaroo court" and "railroading people to prison." (*Id.* at 4). Plaintiff states that Judge Rothgery knows the jury and the arresting police officer personally and he conspired with the prosecutor to "carry the illegal act out." (*Id.*). Plaintiff also states that Judge Rothgery verbally assaulted Plaintiff and Plaintiff's daughter while on the witness stand. (*Id.* at 4-5).

Plaintiff's complaint also includes several purported allegations against the prosecutor in his criminal case. Because the prosecutor is not named as a defendant, however, the Court will not address these claims.

## STANDARD OF REVIEW

Brown seeks to proceed with this action *in forma pauperis*. (Doc. No. 2). That application is granted. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

The district court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines the action is frivolous or malicious, fails to state a claim for relief upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss an *in forma pauperis* action under § 1915(e) if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. To withstand scrutiny under §1915(e)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). *Id*. at 471 (internal quotation marks and citation omitted).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a complaint need not contain detailed

factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court further explained the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Additionally, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). The Court, however, is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## **DISCUSSION**

Upon review, the Court finds that plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B).

First, it is well-established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff appears to object to the manner in which Judge Rothgery conducted Plaintiff's criminal trial. How a judge conducts proceedings in his courtroom is clearly judicial action. Plaintiff gives no indication that Judge Rothgery was acting in any capacity other than that of a judge when the conduct alleged in the complaint occurred. Further, Plaintiff has not alleged facts plausibly suggesting that the judge took any action falling outside the scope of his absolute judicial immunity. Plaintiff has, therefore, not established that Judge Rothgery acted clearly outside of the subject matter jurisdiction of the court over which the judge presides. Judge Rothgery is, therefore, absolutely immune from damages in this action.

Second, Plaintiff cannot collaterally attack his criminal conviction in a civil rights

action. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. An individual may, therefore, not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff's claims against Judge Rothgery concerning his criminal trial necessarily imply the invalidity of his conviction in his criminal case. And there is no suggestion in his complaint that his conviction has been set aside or his sentence has been invalidated in any of the ways articulated in *Heck*. Plaintiff's complaint, therefore, alleges no cognizable civil rights claim and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Clements v. Brimfield Twp.*, No. 1:12 CV 1180, 2012 U.S. Dist. LEXIS 162598, at *28 (N.D. Ohio Nov. 14, 2012) (finding the plaintiff's false arrest claims would call into question the validity of his conviction and are, therefore, barred by

*Heck*).

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B). Additionally, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Court
       Chief Judge

Dated: 11/22/21